| | |
|---|---|
| ZAIID WALKER, | Case No. 1:18-cv-00962-AWI-BAM (PC) |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| Y. IBARRA, et al., | **THIRTY-DAY DEADLINE** |
| Defendants. | |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Zaiid Walker ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on July 17, 2018, is currently before the Court for screening. (ECF No. 1.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at the California Substance Abuse Treatment Facility in Corcoran, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at North Kern State Prison. Plaintiff names the following defendants: (1) Officer Y. Ibarra; (2) Officer A. Lopez; (3) Officer W. Colbert; (4) Officer J. Valdez; (5) Officer E. Zamora; (6) Officer C. Mesa; (7) Officer E. Calderon; (8) Doe #1, Correctional Officer; and (9) Doe #2, Correctional Officer. Plaintiff alleges excessive force and failure to intervene in violation of the Eighth Amendment. He seeks compensatory and punitive damages.

Plaintiff alleges that on September 2, 2017, unknown defendants kicked Plaintiff and kneed him in the back while he was handcuffed, which caused him excruciating pain. This reportedly occurred when the institution stopped all movement and ordered inmates and Plaintiff into a prone position during an emergency. Plaintiff complied with the order. However, Defendants reportedly noticed Plaintiff's sexual orientation (transgender), started calling him a "faggot" and stated that they "hate dealing with faggots." (ECF No. 1 at 8.) Plaintiff was ordered to place his hand behind his back. After Plaintiff was handcuffed, the kicking started. Plaintiff alleges that the use of force was malicious and sadistic and not applied in a good faith effort to maintain or restore discipline.

2

Plaintiff indicates that he did not receive any Rules Violation Report pertaining to the incident.

Plaintiff alleges that Defendants Ybarra, Lopez, Colbert, Valdez, Zamora, Mesa and Calderon were present and failed to intervene on Plaintiff's behalf during the incident. Plaintiff claims that these defendants stood by and watched the attack by Does #1 and #2 occur.

Plaintiff further alleges that Doe #2 applied the handcuffs too tightly. Lt. E. Smith had the handcuffs removed.

**III. Discussion**

Plaintiff's complaint fails to state a cognizable claim. As Plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint to cure the deficiencies identified by the Court. To assist Plaintiff, the Court provides the following pleading and legal standards that appear applicable to his claims.

**A. Eighth Amendment – Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury...[,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).

However, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Wilkins v. Gaddy,

559 U.S. 34, 37-38 (2010) (citation omitted). "An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." Id. (citation and internal quotations omitted).

Plaintiff's complaint does not adequately allege a claim for excessive force in violation of the Eighth Amendment against Does #1 and #2. At best, Plaintiff has complained of a de minimis use of force, which does not constitute a violation of the Eighth Amendment. Plaintiff's complaint does it allege that Plaintiff suffered any significant or serious injury from any use of force by the defendants.

### B. Eighth Amendment - Failure to Intervene

"[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). A prison official may be held liable under the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847. Here, because Plaintiff has not stated a cognizable excessive force claim, his corresponding claim that other defendants failed to intervene also fails. In the absence of excessive force, Defendants Ybarra, Lopez, Colbert, Valdez, Zamora, Mesa and Calderon cannot be held liable for any failure to intervene.

### C. Verbal Harassment

To the extent Plaintiff seeks to impose liability against Does #1 and #2 arising out of verbal threats, assaultive comments or harassment, he may not do so. Allegations of verbal abuse or harassment fail to state a constitutional claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (finding that "verbal harassment generally does not violate the Eighth Amendment"); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (holding that prisoner's allegations of threats allegedly made by guards failed to state a cause of action).

### IV. Conclusion and Order

For the reasons stated, Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff a final opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith.

4

Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **April 4, 2019** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

5