1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   ZAIID WALKER,                          | Case No.  1:18-cv-00962-AWI-BAM (PC)

12                    Plaintiff,            | ORDER DENYING PLAINTIFF'S MOTION
                                            | TO STAY
13          v.
                                            | (ECF No. 14)
14   Y. IBARRA, *et al.*,
                                            | **THIRTY (30) DAY DEADLINE**
15                    Defendants.

16

17          Plaintiff Zaiid Walker ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

18   *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

19          On April 5, 2019, the Court screened the complaint and granted Plaintiff leave to file a

20   first amended complaint within thirty days.  (ECF No. 11.)  On April 23, 2019, the Court granted

21   Plaintiff an extension of time, up to and including June 3, 2019, to file his first amended

22   complaint.  (ECF No. 13.)

23          Currently before the Court is Plaintiff's motion to stay the proceedings, filed June 5, 2019.

24   (ECF No. 14.)  Plaintiff states that he believes the claims presented in his original complaint have

25   merit, and that upon curing the defects by filing a first amended complaint, he will prevail with

26   the Court's screening process.  Plaintiff believes that it is appropriate to properly identify the two

27   Doe Defendants included in the original complaint, so he can get all of the facts right in the first

28   amended complaint.  Plaintiff therefore requests that the Court hold these proceedings in

                                              1

abeyance and provide Plaintiff the opportunity to identify the two Doe Defendants. Plaintiff agrees to a requirement that he submit monthly status reports during the stay, wherein he attaches documentation showing the Court his efforts at obtaining the identities of the Doe Defendants. Plaintiff further states that he is struggling to gain meaningful access to the law library, and he is wholly ignorant of the law, federal procedures and practice, but is rapidly learning the basics in order to accommodate the Court's expectations. (Id.)

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden of establishing the need to stay the action. Clinton, 520 U.S. at 708.

Here, Plaintiff seeks a stay but has not specified or provided an estimate of the length of the requested stay. In addition, Plaintiff has not carried his burden of establishing the need to stay this action. While Plaintiff will be required to identify the Doe Defendants at a later date in order to proceed with this action, the names of these defendants are not required in order for the Court to find that Plaintiff has stated a cognizable claim. Plaintiff may file a first amended complaint identifying these two individuals as Doe #1 and Doe #2, as he did in the original complaint. The Court will then screen the complaint for any cognizable claims. If Plaintiff is found to have stated cognizable claims against any defendant, including any of the Doe Defendants, those claims will be allowed to proceed. Plaintiff will then be afforded additional time to provide the identities of the Doe Defendants to the Court for service of process. Given this procedure, the Court declines to grant an indefinite stay of this action merely for the purpose of identifying the Doe Defendants in an earlier version of the complaint.

Nevertheless, to provide time for Plaintiff to receive the Court's order and to comply with his obligations, the Court will grant a second extension of the deadline for Plaintiff to file his first amended complaint. With respect to Plaintiff's stated difficulties in accessing the law library, the

2

Court notes that the April 5, 2019 screening order set forth the relevant pleading and legal standards for Plaintiff, including the requirements to state claims regarding excessive force, failure to intervene, and verbal harassment. These matters are fact-based, and thus additional legal research is not required to comply with the screening order. Therefore, the Court finds that a discrete extension of time, rather than an indefinite stay, will better serve the orderly course of justice.

Accordingly, Plaintiff's motion for stay, (ECF No. 14), is HEREBY DENIED. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint (or a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)). **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and failure to state a claim.**

IT IS SO ORDERED.

Dated: **June 6, 2019**        /s/ *Barbara A. McAuliffe* _
                                UNITED STATES MAGISTRATE JUDGE