# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAIID WALKER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>IBARRA, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:18-cv-00962-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING PLAINTIFF'S MOTION FOR DISCOVERY AS PREMATURE<br><br>(ECF No. 16)<br><br>ORDER GRANTING EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT<br><br>**THIRTY (30) DAY DEADLINE**<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND PLAINTIFF A COPY OF THE COURT'S APRIL 5, 2019 SCREENING ORDER |

Plaintiff Zaiid Walker ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On April 5, 2019, the Court screened the complaint and granted Plaintiff leave to file a first amended complaint within thirty days. (ECF No. 11.) On April 23, 2019, the Court granted an extension of time until June 3, 2019 to file his first amended complaint. (ECF No. 13.)

On June 5, 2019, Plaintiff filed a motion to stay the proceedings for an indefinite period of time to allow him to identify the Doe Defendants in his first amended complaint. (ECF No. 14.)

1

The Court denied the motion to stay, but granted Plaintiff an additional thirty days to file his amended complaint. (ECF No. 15.)

Currently before the Court is Plaintiff's motion for reconsideration of its order denying the motion to stay, filed June 19, 2019. (ECF No. 16.) Plaintiff argues that while attempting to comply with the Court's order to file a first amended complaint, he was transferred to a different yard. During this transfer, all of his legal work, receipts and copies of exhaustion of appeals, evidence, and all relevant materials have not been provided by CDCR or returned to Plaintiff. Plaintiff further specifies that he requests only a ninety-day stay of this action, rather than an indefinite stay, and also requests that the Court provide a copy of his case file. Plaintiff generally argues that the Court has a responsibility to ensure that a victim's rights are protected, and to correct certain deficiencies to maintain fair and impartial proceedings. Though difficult to understand, it appears Plaintiff is requesting that the Court issue a subpoena requiring CDCR to produce certain evidence and documents Plaintiff has deemed relevant to the filing of his first amended complaint. (Id.)

Plaintiff's motion for discovery is premature and shall be denied without prejudice. Plaintiff's original complaint was screened on April 5, 2019, and found not to state any cognizable claims. Though Plaintiff was granted further leave to amend, no amended complaint has been filed, and therefore the Court has not yet determined whether this action is subject to dismissal or whether the action should proceed to discovery on Plaintiff's claims. 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted.") The first amended complaint has therefore not been screened, the complaint has not been ordered served, no defendants have appeared, and discovery has not been opened. Once Plaintiff has filed a first amended complaint, it will be screened in due course.

Furthermore, as noted in the Court's April 5, 2019 screening order and the June 7, 2019 order denying Plaintiff's motion to stay these proceedings, Plaintiff is not required to submit evidence or specifically identify the two Doe Defendants in order to file a first amended

complaint. At the pleading stage, Plaintiff's allegations are taken as true, and no specific supporting evidence is required in order to state a cognizable claim for relief. Thus, the types of documents noted in Plaintiff's motion are not required at this stage in the proceedings.

With respect to Plaintiff's request for a copy of his "case file," the Court notes that generally, the Clerk's Office will provide copies for Plaintiff at a cost of $0.50 per page. Under the circumstances, the Court will make a one-time exception and will direct the Clerk's Office to provide a copy of the April 5, 2019 screening order to Plaintiff at no charge. However, Plaintiff is advised that any further copies will need to be paid for by Plaintiff, and that it is a party's responsibility to maintain copies of all documents submitted to the Court for filing and orders received from the Court.

Finally, Plaintiff has not provided any grounds for reconsideration of the Court's June 7, 2019 order denying his motion to stay proceedings. As discussed above, Plaintiff's motion for discovery is premature, and Plaintiff's argument that he requires more time in order to obtain specific supporting evidence from CDCR is unpersuasive at the pleading stage. However, to provide time for Plaintiff to receive the Court's order and to comply with his obligations, the Court will grant a **final** extension of the deadline for Plaintiff to file his first amended complaint. **Future requests for extension of this deadline will be subject to a narrow interpretation of what constitutes good cause**.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the Court's June 7, 2019 order denying Plaintiff's motion to stay, (ECF No. 16), is DENIED;
2. Plaintiff's motion for discovery, (ECF No. 16), is DENIED as premature;
3. The Clerk's Office shall send Plaintiff:
    a. A complaint form; and
    b. A copy of the Court's April 5, 2019 screening order, (ECF No. 11);
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint (or a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)); and

**5. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and failure to state a claim.**

IT IS SO ORDERED.

Dated:  **July 18, 2019**                       /s/ *Barbara A. McAuliffe*            _
                                             UNITED STATES MAGISTRATE JUDGE